UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| SAMUEL H. BURGETT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 08-47-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Samuel H. Burgett ("Burgett") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 10 and 11] Through this action, Burgett seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to a period of disability and Disability Insurance Benefits ("DIB"). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Burgett.

### I.   BACKGROUND

Burgett protectively filed an application for a period of disability and DIB on June 20, 2005. The claim was denied initially and upon reconsideration. Thereafter, Burgett requested a hearing before an ALJ. On August 13, 2007, a video hearing was conducted before ALJ Roger

-1-

L. Reynolds. Burgett appeared in Hazard, Kentucky, and the ALJ presided over the hearing from Lexington, Kentucky. During the hearing, the ALJ heard testimony from Burgett and Dr. Jackie B. Rogers, a vocational expert. Thereafter, the ALJ issued a decision denying benefits to Burgett. [Transcript ("Tr."), pp. 14-26] The ALJ concluded that Burgett retained the residual functional capacity to perform a limited range of light and sedentary work. Burgett's request for review was denied by the Appeals Council on September 5, 2007. [Tr., pp. 11-13]

As of the date of the ALJ's decision, Burgett was a 45 year-old individual with a eighth grade education. [Tr., p. 323] He alleges a disability beginning June 20, 2005, due to hip, back, knee and shoulder pain, arthritis, hernia repair, sleep apnea, lung and cardiac problems. [Tr., p. 68, 326-334] He has past work experience as a truck driver, septic tank business owner/operator, duct installer, construction laborer and concrete block layer. After reviewing the record and the testimony presented at the hearing, the ALJ concluded that Burgett suffers from the following severe impairments: obstructive sleep apnea; peptic ulcer disease; obesity; low back pain secondary to degenerative disc disease of the lumbosacral spine; dyspnea secondary to burn scars in lungs from childhood; hypertension; osteoarthritis of bilateral knees; bilateral shoulder degenerative joint disease; status post right acromioclavicular joint separation; depression, not otherwise specified; anxiety, not otherwise specified; pain disorder and Type II diabetes mellitus. [Tr., p. 16] However, the ALJ found that Burgett did not suffer from any impairments or combination of impairments that would qualify him as disabled, as defined in the Social Security Act and regulations. [Tr., p. 25]

## II. LEGAL STANDARD

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the

record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.  DISCUSSION

Burgett asserts that the Commissioner's decision denying benefits is not supported by substantial evidence for two reasons. First, he contends that the ALJ made an improper credibility determination regarding his subjective complaints of pain and limitations. Second, Burgett asserts that the ALJ erred in failing to consider the findings of Dr. Jeanne Bennett. According to Burgett, the ALJ effectively acted as his own medical expert by rejecting these findings. Burgett seeks reversal of the ALJ's decision and remand of this matter for further proceedings.

In general, a claimant's subjective complaints of pain may be sufficient to support a claim of disability. *See Glass v. Sec'y of Health Ed. and Welfare*, 517 F.2d 224, 225 (6th Cir. 1975). However, in evaluating the claimant's allegations, an ALJ should look to the medical evidence to determine if the complaints of pain have an objective basis inasmuch as reference to medical

evidence is helpful in making credibility determinations concerning such claims. Further, as noted above, "an ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" *Cruse*, 502 F.3d at 542 (citing *Walters*, 127 F.3d at 531).

To support a claim for Social Security benefits, there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological or psychological abnormalities which could reasonably be expected to produce pain. 42 U.S.C. § 423(d)(5)(A). In addition, the Sixth Circuit has prescribed an analytical framework for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

In evaluating Burgett's allegations, the ALJ examined the objective medical evidence and concluded that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." [Tr., p.24] Specifically, the ALJ noted that,

> the medical evidence does not document a continuing impairment of incapacitating proportions, *i.e.*, one which would produce pain of such intensity that the ordinary physical activity necessary to perform basic work-related functions would be impossible or contraindicated for a continuous period of

>   twelve months or more. The Administrative Law Judge does not imply that claimant is symptom-free, but a review of the evidence in this case persuades the undersigned that claimant's complaints of pain and incapacitation are not credible when viewed in the light of the medical findings and claimant's own testimony

[Tr., p. 23-24] In addition, the Court noted that, at the hearing, Burgett "appeared burly, tan, with callused hands." [Tr., p. 24]

The Sixth Circuit has repeatedly noted that "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence." *Cruse*, 502 F.3d at 543 (quoting *Walters*, 127 F.3d at 531). Here, objective medical evidence confirms that Burgett suffers *some* degree of pain as a result of his impairments. However, in evaluating Burgett's testimony and claims, the ALJ found that the alleged severity of the limitations was not credible. Although Burgett contends that the ALJ failed to articulate specific reasons for rejecting these allegations in accordance with SSR 96-7p, the ALJ's decision clearly reflects a thorough and comprehensive evaluation of all Burgett's claims and his reasons for rejecting them.

In addition, the ALJ specifically addressed Burgett's pulmonary limitations in the RFC assessment. In particular, the ALJ found that Burgett should not perform work that involves aerobic activities, such as running, jumping or working on fast-paced assembly lines. Further, the ALJ stated that Burgett should avoid pulmonary irritants in the workplace, including dust, gases, smoke, fumes, poor ventilation, excess humidity and temperature extremes. In light of the evidence presented to the ALJ and the ALJ's specific findings for rejecting the Claimant's testimony, this Court finds that the ALJ's decision was an entirely reasonable decision and one the ALJ was entitled to make. *See* SSR 96-7p; *Gooch*, 833 F.2d at 592.

Burgett next asserts that the ALJ acted as his own medical expert by failing to consider the opinion of Dr. Jeanne Bennett. Dr. Bennett performed a consultative psychological evaluation of Burgett on January 24, 2006. [Tr., p. 270-75] Dr. Bennett diagnosed Burgett with having a pain disorder with psychological features secondary to a general medical condition. She also found that he had a Global Assessment of Functioning ("GAF") score of 50. [Tr., p. 274] Dr. Bennett found that Burgett had the following functional capacities:

> This individual's capacity to understand, remember and carry out instructions toward the performance of simple repetitive tasks is not affected by the impairment.
>
> The man's ability to tolerate stress and pressure of day-to-day employment is affected by the impairment with moderate limitations noted.
>
> Mr. Burgett's ability to sustain attention and concentration towards the performance of simple repetitive tasks is affected by the impairment with slight limitations noted.
>
> The claimant's capacity to respond appropriately to supervision and coworkers in a work setting is not affected by the impairment.
>
> Limitation on functional capacities secondary to medical condition is deferred to the opinion of a physician.

[Tr., p. 274]

Contrary to Burgett's assertion, the ALJ did not ignore Dr. Bennett's findings. In fact, ALJ Reynolds considered Dr. Bennett's opinion in formulating Burgett's RFC. Specifically, the ALJ noted that Dr. Bennett determined that Burgett was "capable of remembering instructions and concentrating on tasks sufficiently to perform simple tasks." [Tr., p. 21] Based on Dr. Bennett's findings as well as the other evidence in the record, the ALJ concluded, with respect to Burgett's mental capacity, that he required entry level work with simple, repetitive procedures,

no frequent changes in work routines and only occasional interaction with the general public. [Tr., p. 22]

Title 20 of the Code of Federal Regulations, § 416.927, contains detailed rules for evaluating medical and psychological opinions from sources which include state agency and other non-examining consultants. Paragraph (b) of this section provides that such sources will be considered together with the rest of the relevant evidence in deciding whether a person is disabled. Paragraphs (c), (d), and (e) then set out general rules for evaluating the record. Paragraph (f) provides that findings made by state agency consultants become opinions at the administrative level and require that the ALJ consider and evaluate them when making a disability decision. It states in relevant part that:

> We consider all evidence from non-examining sources to be opinion evidence. When we consider the opinions of non-examining sources, we apply the rules in paragraphs (a) through (e) of this section. In addition, the following rules apply to State agency medical and psychological consultants, other program physicians and psychologists, and medical experts we consult in connection with administrative law judge hearings and Appeals Council review:

20 C.F.R. § 416.927(f). Further, Social Security Ruling 96-6p provides in relevant part that:

> 1. Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review.
>
> 2. Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions.

The ALJ considered the findings of Dr. Bennett together with Burgett's medical records reflecting his treatment and care. Further, the ALJ conducted a thorough review and analysis

of the evidence and explained the basis for his decision regarding Burgett's limitations and the restrictions which were found to exist. Based on the ALJ's clear, thorough statements regarding the credibility of the claimant and the objective medical evidence in the record, this Court must conclude that the ALJ's decision is supported by substantial evidence. The ALJ made specific findings regarding credibility, and thoroughly considered all relevant medical evidence in the record. Burgett has failed to point to any evidence in the record, or any recommendation of a treating or examining physician that contradicts the ALJ's decision. The ALJ properly determined that Burgett was not disabled within the meaning of the Social Security Act and regulations.

## IV. CONCLUSION

Based on the foregoing discussion, it is hereby **ORDERED** as follows:

1. Defendant's Motion for Summary Judgment [Record No. 11] is **GRANTED**;

2. Plaintiff Samuel Burgett's Motion for Summary Judgment [Record No. 10] is **DENIED**;

3. The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 27th day of August, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge